[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO CLARIFY
On January 31, 1994, Judge Mary Hennessey ordered the plaintiff to disclose her liability expert on or before March 2, 1994.
On April 25, 1994 the plaintiff disclosed Dr. Gutheil as her expert on the standard of care relevant to her complaint. Judge Hennessey, because of plaintiff's tardiness, precluded the use of Dr. Gutheil as an expert for the plaintiff.
In September 1995, the plaintiff amended her complaint to expand the same operative facts from an intentional assault to several counts of negligence. Because of her amendment (authorized by Wagner, J.) and changes to § 220(D) of the Connecticut Practice Book, plaintiff renewed her motion to include Dr. Gutheil and thirteen other individuals as experts for the liability standard in her complaint.
The motion was taken on the papers and denied by Spada, J., in October, 1995.
In February, 1996 the plaintiff filed a motion to Clarify, a euphemism for a motion to Reconsider. Extensive chamber conferences and lucid argument at trial on this issue resulted. CT Page 2561
The plaintiff substituted counsel in 1995 and her case is tentatively scheduled for trial in June, 1996.
The court reaches the following conclusions:
(1) Absent testimony from Dr. Gutheil, the plaintiff is precluded from securing a verdict against her batterer's employer.
(2) The amended rules of discovery now allow discovery "within a reasonable time prior to trial." § 220(D), P.B., Oct., 1995.
(3) The defendants were noticed two years ago that the plaintiff sought to present Dr. Gutheil as her expert.
(4) It is determined that inclusion of Dr. Gutheil will not cause undue prejudice to the defendants; will not unduly interfere with the orderly progress of trial in this case; and does not involve bad faith delay of disclosure by the plaintiff.
(5) Conversely, inclusion of the additional thirteen experts is precluded in that undue prejudice will result to the defendant, and will interfere with the orderly progress of this trial. To expose the defendants 90 days prior to trial with the obligation of deposing fourteen experts is unacceptable, too burdensome and prejudicial to the defendants.
Balancing the equities and claims on this motion has been particularly difficult. Proper deference is accorded to a colleague's prior ruling but in light of a change of counsel, an amended complaint and a new standard of discovery (§ 220(D), Oct. 1955), denial of the plaintiff's motion to include Dr. Gutheil would result in a miscarriage of justice.
SO ORDERED:
Spada, J.